**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAN R. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3535-RWS |
| FULTON COUNTY, GEORGIA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

This case comes before the Court on Defendant Fulton County, Georgia ("Defendant")'s Motion to Dismiss [7]. After reviewing the record, the Court enters the following Order.

## **Background**

On October 18, 2011, Plaintiff initiated this litigation by filing a Complaint in this Court, pursuant to 42 U.S.C. § 1983, alleging a taking of his property at the hands of Defendant in violation of his rights under the Fifth and Fourteenth Amendments of the United States Constitution. (See generally Compl., Dkt. [1].) Defendant now moves to dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of

Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot. to Dismiss, Dkt. [7].) In support of this motion, Defendant argues, among other things, that Plaintiff's Complaint is barred by the applicable statute of limitations. (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br."), Dkt. [7-1] at 6-9.) Plaintiff has failed to file a response to the motion, which therefore is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").[1]

The allegations of the Complaint, which for purposes of Defendant's motion are taken as true,[2] are as follows: Plaintiff is the owner of property located at 1371 Greenwich Street, Southwest, Atlanta, Georgia (the "Property"). (Dkt. [1] ¶ 1.) Defendant claims to own all property abutting the subject Property on its eastern and northern boundaries, and all property along its southern boundary–including the property formerly known as Greenwich Street. (Id. ¶ 6.) Non-party L&N Railroad owns all property abutting the Property on

---

[1] When a party fails to respond to a Rule 12(b)(6) motion to dismiss, it is within the Court's discretion to grant the motion solely on the basis that it is unopposed. Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). In light of the Court's preference for resolving cases on the merits, however, the Court considers the allegations of the Complaint and reviews Defendant's motion on the merits.

[2] When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true the factual allegations of the complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

2

its western boundary, which property "is a deep ravine now zoned and planned for use as a part of the Atlanta BeltLine." (Id. ¶ 7.) The Property accordingly is landlocked, lacking access to any street or public way. (Id.)

Plaintiff alleges that Defendant "never [gave] Plaintiff notice of any of the actions by which it acquired property or the use of that part of Greenwich Street formerly serving [the Property]." (Id. ¶ 8.) According to the Complaint, the pavement formerly constituting Greenwich Street was reconfigured away from the Property and now serves as a private driveway for a Fulton County mental health center "built sometime between 1982 and 1984." (Id.) Plaintiff alleges that the process of reconfiguring Greenwich Street away from the Property began "while Defendant was building the [mental health center]." (Id. ¶ 9.) Finally, Plaintiff alleges that at that time, Defendant "planned to offer Plaintiff the property along his eastern boundary in exchange for the right to close or abandon [Greenwich] street and use it for a driveway." (Id.) However, Defendant abandoned this plan after it discovered a ten-year-old tax fi. fa. by the City of Atlanta on Plaintiff's Property,[3] and Defendant thereafter "made no

---

[3] Plaintiff alleges that he presented evidence to Defendant that the fi. fa. should have been abated, and that despite this evidence, Defendant "corruptly attempted to have the city levy an illegal fi fa instead of offering the swap." (Id. ¶ 10.)

3

further efforts to legitimatize the taking." (Id. ¶ 10.)

In the Complaint, Plaintiff seeks damages for the alleged taking of the Property and/or an order requiring Defendant to "complete the property swap." (Id. ¶ 12.) Defendant now moves to dismiss the Complaint for failure to state a claim, arguing, among other things, that Plaintiff's Section 1983 takings claim is barred by the statute of limitations. The Court considers Defendant's motion in light of the factual allegations of the Complaint.

## Discussion

### I. Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009)

4

(quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II. Analysis

The Court agrees with Defendant that Plaintiff's Complaint fails to state a plausible claim for relief and therefore is due to be dismissed under Rule 12(b)(6). In particular, the Court finds that Plaintiff's claim is barred by the statute of limitations. Although 42 U.S.C. § 1983 does not contain its own statute of limitations, the Eleventh Circuit has held that "the proper limitations

5

period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). This statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996).

In this case, Plaintiff alleges that Defendant committed an unconstitutional taking of his property when it closed that part of Greenwich Street that formerly served the Property–leaving the Property without access to any street or public way. Plaintiff further alleges that Defendant closed Greenwich Street "[w]hile Defendant was building the [mental health center]," which Defendant alleges was "built sometime between 1982 and 1984." Finally, Plaintiff alleges at that time (i.e., sometime between 1982 and 1984), Defendant offered to give Plaintiff the property along his eastern boundary in exchange for the right to close Greenwich Street, which offer eventually was abandoned.

The foregoing factual allegations make clear that the alleged unconstitutional taking took place sometime between 1982 and 1984. The

6

allegations further make clear that Plaintiff was aware of the facts giving rise to his takings claim at or around the same time (given Defendant's offer at the time to remedy the taking through a property swap). In light of the two-year statute of limitations governing Plaintiff's Section 1983 takings claim, Plaintiff's Complaint–filed on October 18, 2011–clearly is time-barred and due to be dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss [7] is hereby **GRANTED**.

**SO ORDERED**, this 9th day of July, 2012.

**RICHARD W. STORY**
United States District Judge

7